CALEDONIA,
March,
1833

CHESTER W. BLOSS *vs.* JOSEPH W. KITTRIDGE.

That the decision of the County Court upon a motion for a new trial cannot be carried up to the Supreme Court by exceptions to such decision.

That, when one of the several pleas in offset is defective in substance, and there is a general verdict for the defendant by reason of damages allowed on such pleas in offset, the judgment must be arrested.

That, in such case, the action is not thrown out of Court, but a *venire de novo* is awarded.

That a count upon a warranty, made after a sale is complete, is bad after a verdict, for want of consideration.

This was an action upon a note, given by the defendant to one John Beckwith, payable to him or order, and by him endorsed to the plaintiff. This note was given for a horse, the defendant purchased of Beckwith. The horse then appeared sound, and was warranted sound; yet he so soon sickened and died, that the defendant undertook to show in his defence, that the disease was upon him at the time of the sale. This defence was presented in several pleas in offset; the first of which was framed upon the written warranty; the two last were general counts; and the second stated the promise as follows. "And the said Joseph W. Kittridge further declares and says, that, on the day and year last aforesaid, at Sutton aforesaid, in consideration, that the said Joseph W. Kittridge had bought of John Beckwith, the payee of said note, set forth in the plaintiff's declaration, a certain other black gelding, for a certain other sum of one hundred dollars, then and there paid to the said John Beckwith, the payee of said note, and before the endorsement of the same to the plaintiff, and before the notice thereof to the said Joseph W. Kittridge, and before the commencement of this suit, then and there promised the said Joseph W. Kittridge, that said last mentioned gelding was sound, yet &c:"

The general issue was pleaded to these pleas in offset, and the whole case was submitted to a jury. They returned a verdict in some measure special. They assessed the damages on said pleas in offset generally at a greater sum than the note and applied the amount of the note in satisfaction of the note, and found for the defendant to recover his costs. After verdict and before judgment, the Plaintiff filed a regular motion in arrest of judgment, relying upon the defects in the second plea in offset. This was overruled by the County Court, and exceptions were taken

to their decision.   The Plaintiff also filed a motion for a
new trial, grounded upon sundry affidavits of a supposed
misbehaviour  in the Jury, in that some of the Jurors con-
versed with other persons, not jurors, upon the merits of
the cause, during the recess of the Court, and before their
verdict was returned into Court.   This motion was over-
ruled by the County Court, and exceptions were taken to
this decision ; and the  whole  cause, with these motions
and exceptions came up for a hearing this term before the
Supreme Court.

*Argument for the plaintiff,* on the motion in arrest.

*Motion in arrest* on  the  ground, that the  2d  Count in
said declaration in sett-off is  bad,  and the verdict being
general on all the counts, judgment ought to be arrested.

The 2d count in the declaration is bad  because it does
allege that the warranty was after the sale of the horse.

1st. The *time* of the  warranty is material.   5 Dane's
Abt. p. 660 ; Kirby, 91.

A general promise without  benefit to  the promissor or
loss to  the promissee  is a  *nudum  pactum.*   1 Dane Abt.
109; 2 Strange, 933.

The declaration  must allege that  the promise or  war-
ranty was  made previous to and at the time of the sale.—
Saund. Pl. and Ev. 450; 3 Bl. Com. 166 ; 2 Comyn's Con.
229 ; 2 Croke 639.

A consideration past or  executed is  bad  unless it is
averred that Kittridge had bought the horse at the request
of Beckwith.   1 Dane Abt. 123 ; 2 Chit. 280.

A general verdict where there are  several counts in a
declaration, one of  which is  bad, must be  set aside and
judgment arrested.   2 Dane  Abt. 602 ; 3 D. & E.  659 ;
1 Doug.  376 ; 1 Bos. &  P. 389 ; 1 John. R. 505 ; 1 Cain.
R. 348.

*Argument in favor of the defendant,* on  the motion in ar-
rest for insufficiency of the second count in offsett.

1. The count is  technically  good.—2 Saund. P. & E.
518.

2. If defective it is  cured by  *verdict.*—1 Swift, 776, 7,
89 ; 2 Saund. P. & E. 514, 515.

3. Where all the counts in declaration are for the same

CALEDONIA,
*March,*
1833.

Bloss
*vs.*
Kittridge

of action, and one of them is good, and others bad, and cause a general verdict, judgement will not be arrested.—*Bayard* vs. *Malcomb*, 2 John. 550; *Roe* vs. *Gratehouse*, Ld. Rayd. 14, 52; *Salk. R.* 663; 3 Baylie's Index, 430, 21, 431, 37.

HUTCHINSON, C. J.—The motion for a new trial, founded on affidavits in the County Court, and brought up from the County Court on exceptions, the affidavits accompanying, has been argued on both sides, neither seeming to suspect but what the subject is fairly before this Court. We are inclined to dispose of this motion, and a similar one in another cause, in the outset.— This motion was addressed to the discretionary power of the County Court. Whether they decided correctly or incorrectly, their decision cannot be reversed by writ of error. We are now sitting as a Court of errors, and can only correct those errors which appear of record. The decision of the County Court may have turned wholly upon the weight of evidence, and we, as a Court of errors, cannot weigh the evidence. That the error must appear of record, and depend upon the weight of evidence, has been frequently, and uniformly, decided by this Court.— When the issue of fact is joined to the County Court, as it may be, by the agreement of parties, the party, who would remove the cause here by exceptions, must procure the County Court to allow a Bill of exceptions in due form, reciting therein, not the evidence, but the facts they find proved, adding their decision upon those facts. If this motion can be brought up at all, it must be in that way. But I do not say that it can be brought up at all. We decide only the question before us.

A party has a right, by statute, to apply for a new trial, either by a motion at the same term, in which judgment is rendered, or by a petition at a future term. And a later statute requires all petitions for new trials, in cases tried before the County Court, to be brought before the Supreme Court. Where there is no trial, but, by some fraud or mistake, judgement is rendered by default, the petition to set aside such judgment may be presented to the same Court where the judgment was rendered. So, by the repeated decisions of this Court, the judgment must be final, before the cause can come up on exceptions. If

there be judgment, that the writ abate, that is a final judgment; for it puts the plaintiff out of Court. But, if a plea in abatement is overruled, the defendant may file his exceptions to that decision, and let them rest, till there is a final judgment in the action. If final judgment is against the defendant, there may be exceptions to other decisions in the course of the trial, and all can be brought up at once. If the final judgment should be in favor of the defendant, that will relieve him from further trouble with regard to his plea in abatement, and the decision upon the same.

We now proceed to notice the motion in arrest of judgment. The question, raised in this case, is presented in rather a new shape; but we must apply those principles, which we deem most clearly applicable to the question.

The defendant's pleas in offset, consisting of demands against Beckwith, the payee of the note, sued, and pleaded against Bloss, the endorser of the note, should have begun and ended as a plea in bar. The utmost effect of these pleas would be to bar the action. There could be no recovery of a balance in favor of the defendant, as there might have been, were the suit brought in the name of Beckwith. The most correct mode of pleading would be, to state the defence according to the operation of law upon such facts as compose the plea or pleas. That, in the present case, would be, that the plaintiff ought to be barred, because, &c. setting up this indebtedness of Beckwith, the payee of the note, to the defendant. If this indebtedness were too small to balance the note, let the plea state, that the plaintiff ought to be barred with regard to so much, a part of his claim, because &c. setting up the same indebtedness of the payee, before notice of the endorsement.

But this is a point not suggested by Counsel, and we lay no stress upon it in our decision. Indeed, the special nature of the verdict renders the pleas effectual to bar the action, and nothing more.

The matter, chiefly relied upon by the plaintiff's counsel, is, that the plaintiff has been defeated by assessment of damages, on these several pleas in offset, to the full amount

CALEDONIA, March, 1833.

Bloss
vs.
Kittridge.

CALEDONIA,
March,
1833.

Bloss
vs.
Kittridge.

of his note ; and that these damages are general, and, for ought, that can now be ascertained, they were assessed equally upon all the counts, or wholly upon the most defective count ; and that the second count is too defective to be cured by the verdict. The damages are clearly assessed generally as the plaintiff contends, and the position, he contends for is correct, if one count is as defective as he contends for. The position, taken by the defendant's counsel, that all the counts are for the same cause of action, fails, by its not appearing of record to be the case. Indeed, they contain the usual averments of being for different causes. The Court that tried the cause might have known, perhaps, that all the evidence applied exclusively to one count, which, in fact, is a good count, and, for that reason, might have refused to arrest the judgment. They might have gone further, and certified upon the record, that all the evidence applied exclusively to such a count, describing it, and this court might treat that as a part of the record. But this has not been done ; and we have no guide, but the pleadings and the verdict. The question then arises, is the second count of the defendents plea in offset thus defective ? For no objection is started against any other count.

The objection to this count is, that the consideration is past. That is, that the promise or warranty of soundness is alleged to be after the sale of the horse. If, this be so, it is a fatal defect; for all the authorities cited, and all, that can be found, agree that a warranty must be made at the time of the sale, making a part of the contract of sale, or it is not binding; because wholly without consideration. It is contended, however, in argument, that the words *then and there* connected with the allegation of the promise, refer to the time and place of the sale of the horse.—The Court are unable to discover that this construction can be correct. At the time when this promise or warranty was made, it was made in consideration, that the defendant *had* bought the horse of Beckwith. Not that he would then buy, but had bought. That is had before that time bought, &c. When carefully examined, the sense is as clear, and in legal effect the same, as if this count had alleged, that, on the first day of January, in consideration,

that said defendant had, on the 30th day of the preceding December, bought the horse of Beckwith, he Beckwith promised, &c.

CALEDONIA,
*April,*
1833.

Bloss
*vs.*
Kittridge.

Upon this construction, the promise, contained in this second count or plea, is without consideration; and the judgement of the County Court, which overruled this motion in arrest, is reversed; and it now becomes our duty to render such judgement as the County Court ought to have rendered. But we are unable to determine what that is without the intervention of another Jury. Therefore, a new trial is granted. If the defendant should apply for leave to plead anew, the Court can say, on what terms they will permit this to be done.

It will not do to drive the plaintiff out of Court for a default of the defendant in pleading. Nor would it do to render judgement for the plaintiff for the amount of his note, notwithstanding the verdict. For the defendant has made out an entire defence; and it may prove to be a good defence, when presented upon a correct state of pleadings.

The plaintiff's council, here expressed a willingness to have the judgement arrested in toto, and the action go out of Court. This was objected to, as there have been several expensive trials, and the defendant chose to risk recovering his cost. The Court refused to enter such judgments as the defendant's counsel required; as the plaintiff might become nonsuit if he chose.

The plaintiff's counsel then asked for leave to become nonsuit, without being subjected to the costs, which have been occasioned by the trials upon these defective pleadings of the defendant.

The Court permitted the nonsuit with no costs to be taxed against the plaintiff, except what accrued previous to the last term of this Court, when a review was granted by this Court.

*J. Mattocks,* for plaintiff.

*J. Fletcher,* for defendant.